JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3574-GW-RAOx | Date | October 18, 2021 |
|---|---|---|---|
| Title | *Brian Lynch, et al. v. AML Network Ltd., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Timothy J. Walton | Brent R. Owen | |

**PROCEEDINGS:** **TELEPHONIC HEARING ON DEFENDANT AML NETWORK LTD.'S MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(2) OR, IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) [18]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court DENIES the motion to conduct jurisdictional discovery. Accordingly, the Court also makes its tentative order on the Motion to Dismiss (Docket No. 18) final, which GRANTS the motion to dismiss.

|  | : | 05 |
|---|---|---|
| | Initials of Preparer | JG |

*Brian Lynch et al v. AML Network Ltd. et al*; Case No. 2: 21-cv-03574-GW-(RAOx)
Tentative Ruling on Motion to Conduct Limited Discovery on Jurisdiction

## I. Background

Plaintiffs Brian Lynch, Barbara Qadri, Jonathan Ruelas, Ronan Shepherd, James Andrews, Angela Neilson, and Julia Durward sued Defendant AML Network Ltd.[1] for violations of California Business and Professions Code §§ 17529.5(a)(1) and 17529.5(a)(2) arising from unsolicited emails. *See generally* Complaint, Docket No. 1-1. Plaintiffs seek statutory damages of $1,000 per email, attorneys' fees, and costs. *Id.* at 13-14.

Defendant moved to dismiss for lack of jurisdiction, *see* Docket No. 18, and the Court issued a tentative order granting the motion. *See* Docket No. 26. The Court heard oral argument on the motion to dismiss on September 9, 2021. Before the Court's order on the motion to dismiss was made final, Plaintiffs filed a motion to remand, arguing that their case lacked Article III standing because they did not allege an injury in fact. *See* Plaintiffs' Motion to Remand, Docket No. 27. The Court denied that motion. *See* Order, Docket No. 30. At the hearing on the motion to remand, at which Plaintiffs also discussed their arguments in opposition to the motion to dismiss, the Court indicated it would allow Plaintiffs to file a motion to conduct jurisdictional discovery ("Motion"). That Motion is before the Court now. *See* Motion to Conduct Jurisdictional Discovery, Docket No. 35. Defendant has filed an opposition brief. *See* Docket No. 37.

## II. Legal Standard

Jurisdictional discovery "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir., 1977). District courts have significant discretion in determining whether or not to grant jurisdictional discovery. *See Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 996 (C.D. Cal. 2013); *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) ("It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute,

---

[1] Plaintiffs initially also named Domains by Proxy, LLC and Enom LLC as Defendants in this matter, but filed a request for dismissal as to both parties on April 5, 2021. *See* Docket No. 1-2. The Clerk of the Los Angeles Superior Court entered the dismissal on April 7, 2021. *See id.*

1

discovery should be allowed." (internal citations omitted)). A district court's decision to deny additional discovery will not be disturbed unless "there is a reasonable probability that the outcome would have been different had discovery been allowed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery is not appropriate when it amounts to no more than a "fishing expedition." *Barantsevich*, 954 F. Supp. 2d at 996. "A district court may deny jurisdictional discovery '[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants.'" *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006)).

### III. Discussion[2]

Plaintiffs state that they would like to submit the following interrogatories to Defendant:

1. How many advertising emails were sent to the United States since March 10, 2018?
2. How many advertising emails were sent to California residents since March 10, 2018?
3. How many customers in the United States has Defendant converted from email advertising since March 10, 2018?
4. How many customers in California has Defendant converted from email advertising since March 10, 2018?
5. Will Defendant admit that the email advertising at issue in this litigation was deceptive?
6. Do you have consent from any of the Plaintiffs to receive your email advertising?
7. Could Defendants have refused California customers through the use of the drop down menu on the payment page?
8. Is there any state or federal court jurisdiction in the United States where the Defendant would agree that it is subject to personal jurisdiction?
9. How much money has Defendant accrued from California residents since March 10, 2018?
10. Do you use PayPal, Inc. to manage your affiliate advertisers?

Motion, Docket No. 35 at 8–9. The Court addresses each.

Generally, Plaintiffs provide no arguments addressing why the answers to *these* questions will change the analysis on whether the Court has personal jurisdiction over Defendants.

---

[2] A great deal of Plaintiffs' Motion appears to reargue issues already fully briefed and argued before the Court. The Court specifically allowed the Plaintiffs to file a motion for jurisdictional discovery, not reargue the jurisdiction issue. *See* Order, Docket No. 30. Thus, the Court focuses solely on the part of the Motion dealing with jurisdictional discovery rather than the arguments that appear to ask the Court to reconsider its analysis on the Motion to Dismiss, Docket No. 18.

Plaintiffs have not provided any evidence to suggest that, even given more jurisdictional discovery, personal jurisdiction can be established over Defendant. *See Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd., No*. CV-19-cv-07831-AB-MRW, 2019 WL 8064196, at *7 (C.D. Cal. Dec. 5, 2019) (denying motion for jurisdictional discovery against Hong Kong defendant where plaintiff had provided no evidence to dispute that the defendant "has no offices or staff in California; has no California business registration; has no registered agent in California; pays no California taxes; has not directed [any third party] to ship to California; and has not (itself) directly sold or advertised its [product] in California").

More specifically, the Court is also inclined to find that answers to the proposed interrogatories will not shed any more light on the personal jurisdiction analysis. Questions 3, 4, and 9 are immaterial to this case because, as the Court noted in its tentative order on the Motion to Dismiss, Plaintiffs' claims arise from the spam emails they purportedly received, not from any payments made to Defendant. As such, the allegation that Defendant likely "accepts customers from California" who pay for Defendant's products or services "through a payment process in California" does not confer specific personal jurisdiction on this Court. Plaintiff's Opposition to the Motion to Dismiss, Docket No. 21 at 2. Questions 5 and 6 attempt to require Defendant to provide answers that go to the merits of the underlying suit and are thus improper. Question 7's suggestion that a drop-down menu on AML's website would be enough to confer jurisdiction has already been found insufficient to confer personal jurisdiction. *19 Tao Vega LLC v. Holo Ltd.*, No. C 19-5640-SBA, 2019 WL 9607733, at *5 (N.D. Cal. Dec. 17, 2019) ("The on-line form shows what appears to be a drop-down box which lists "California" as an available shipping destination. But merely offering goods for sale through a website, standing alone, is insufficient to support a finding of express aiming." (citation omitted)). Question 8 is, as Defendant argues, immaterial to the operative question of whether the Defendant is subject to jurisdiction in *California*. Question 10 is not relevant to the jurisdictional question because the use of PayPal does not confer jurisdiction. *See Bragg Live Foods, Inc. v. Eco Action SDN BHD*, No. CV 15-8261-DSF-(JPRx), 2016 WL 7446915, at *3 (C.D. Cal. Apr. 29, 2016) ("PayPal is available for transactions from around the world. If its use were sufficient for jurisdiction, California courts would have jurisdiction over every tort and contract claim involving PayPal – regardless of where the parties are located and the injuries occurred. That simply is not consistent with the requirements of due process."). Finally, Defendant has provided evidence that "it does not

3

know, does not direct, and has no control over where its emails are sent; and it has no ability to differentiate California recipients from recipients in any other state or country." Opposition, Docket No. 37 at 7; *see also* Motion to Dismiss, Rudy Decl., Docket No. 18-1 at 13. Lacking any analysis from Plaintiffs as to how Questions 1 and 2 will provide pertinent facts as to the personal jurisdiction analysis in light of this evidence from Defendants, the Court would deny the request for jurisdictional discovery.

## IV. Conclusion

Based on the foregoing discussion, the Court would **DENY** the motion to conduct jurisdictional discovery. Accordingly, the Court would also make its tentative order on the Motion to Dismiss (Docket No. 18) final, which **GRANTS** the motion to dismiss.